**Herbert L. DRAYTON, Plaintiff–Appellant,**

v.

**Bill MARTIN; Dan Bolden; Joanne Back; Carol Howes; Greg Curtis; Donald Loyd; Will Riley, Defendants–Appellees.**

No. 01–1246.

United States Court of Appeals, Sixth Circuit.

Dec. 4, 2001.

Before JONES, NELSON, and DAUGHTREY, Circuit Judges.

*ORDER*

Herbert L. Drayton, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the

Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Drayton sued multiple prison officials contending that his First Amendment rights had been violated as he had been subjected to retaliation for filing administrative grievances in the prison system. The district court subsequently granted summary judgment for the defendants. In his timely appeal, Drayton argues that genuine issues of fact prevented the grant of summary judgment for the defendants, that the district court improperly weighed the evidence, and that the law was misapplied.

The district court's judgment is reviewed de novo. See *Taylor v. Michigan Dep't of Corrs.*, 69 F.3d 76, 79 (6th Cir. 1995).

Upon review, we conclude that the defendants are entitled to summary judgment as a matter of law. To establish a claim of retaliation in a prison context, a prisoner must show three elements: 1) that he engaged in protected conduct; 2) that an adverse action was taken against him which would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that there is a causal connection between elements one and two, i.e., the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999).

The facts are uncontested that Drayton engaged in protected conduct as prisoners have a First Amendment right to file a grievance. See *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir.1996). Further, it is uncontested that the defendants did restrict Drayton's visitation privileges, satisfying the second prong of *Thaddeus–X*. However, Drayton failed to satisfy the third element by showing a causal connection between the first two elements.

As the district court noted, Mich. Admin. Code Reg. 761.6609(11)(d) (effective August 26, 1995) provided that the director of the Michigan Department of Corrections "may permanently restrict all visitation privileges, except with an attorney or member of the clergy, for a prisoner who is convicted or found guilty of any one of the following ... [t]wo or more violations of the major misconduct charge of substance abuse." When Drayton received two misconducts in 1996 for substance abuse, Michigan Department of Corrections Policy Directive 05.03.140 (effective March 2, 1992) did not require a warden to recommend visitation restrictions based upon two drug violations. However, the policy directive was revised on January 12, 1998, requiring a warden to recommend permanent visitation restrictions after two such violations.

Given the implementation of Mich. Admin. Code Reg. 791.6609(11)(d) and Policy Directive 05.03.140, prison officials were required to permanently restrict Drayton's visitation privileges. It is uncontested that Drayton had two 1996 substance abuse convictions and the appropriate prison officials were informed of the convictions on September 24, 1999. Further, the hearings division for the Michigan Department of Corrections informed prison officials that all substance abuse tickets received after August 25, 1995, were to be considered under Policy Directive 05.03.140. In addition, the uncontested evidence establishes that other prisoners besides Drayton were subjected to permanent visitation restrictions several years after their misconduct convictions occurred. As policy directives mandated that Drayton's visitations be permanently restricted, Drayton failed to show a causal

connection between his grievances and his visitation restrictions.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.